UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WALDIMIR CALVA, individually
and on behalf of others similarly situated,                CASE NO.: 1:23-cv-07414-MKB-CLP

        Plaintiff,
                                                                     **DECLARATION IN SUPPORT**
   v.                                                          **OF REQUEST FOR FINAL**
                                                                      **DEFAULT JUDGMENT**
VLAD FINE CRAFT, INC., a New York
Corporation, and VLAD NIKABADZE,
an individual,

        Defendants.
-------------------------------------------------------X

### AFFIRMATION OF NOLAN KLEIN, ESQ. IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT

Nolan Klein, an attorney duly admitted to practice in New York and in this Court, states and affirms as follows:

### PRELIMINARY STATEMENT

1. I represent Plaintiff, WALDIMIR CALVA, in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law (the "NYLL") and regulations.

2. I submit this affirmation in support of Plaintiff's application for a final default judgment against Defendants, VLAD FINE CRAFT, INC., and VLAD NIKABADZE, pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55.2(b).

### PROCEDURAL HISTORY

3. Plaintiff commenced this action by filing the Complaint (and associated documents) on October 4, 2023. **Exhibit A**.

4. This is an action seeking to recover minimum and overtime wages, spread of

hours, liquidated damages, interest, costs, and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. **Exhibit A** at ¶ 1.

5.   This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the state law claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction). **Exhibit A** at ¶ 1.

6.   Per the attached Affidavit of Service, the summons and copy of the Complaint were served on Defendant, VLAD FINE CRAFT, INC., on November 27, 2023, by delivering to and leaving with Nancy Dougherty, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York. A copy of the Affidavit of Service is attached hereto as **Exhibit B**.

7.   Per the attached Affidavit of Service, a summons and copy of the Complaint were served on defendant VLAD NIKABADZE, on December 15, 2023, by delivering a true copy of each to said recipient; Deponent knew the person so served to be the person described in as said recipient therein. A copy of the Affidavit of Service is attached hereto as **Exhibit C**.

8.   Defendants did not answer or otherwise respond to the Complaint.

9.   Upon information and belief, VLAD FINE CRAFT, INC., is a corporation organized and existing under the laws of the State of New York.

10.   Upon information and belief, Defendant, VLAD NIKABADZE, is not an infant or incompetent. Defendant is not known to presently be in the military service of the United States as appears from the facts in this litigation.

11.   Plaintiff moved for entry of default on January 12, 2024. The Clerk of the Court

entered default against VLAD FINE CRAFT, INC., and VLAD NIKABADZE, on January 19, 2024. The Clerk's certificates of default are attached hereto as **Exhibit D**.

12. The declaration of WALDIMIR CALVA ("Plaintiff Dec"). in support of this motion for default judgment is annexed hereto as **Exhibit E**.

## STATEMENT OF FACTS SUPPORTING ENTRY OF JUDGMENT

13. As alleged in the Complaint and as stated in Plaintiff's declaration, Corporate Defendant is located at 2240 84th Street, Apt. D1, New York 11214. The Individual Defendant, Vlad Nikabadze, owns (in whole or in part), operates, and/controls and/or manages the Corporate Defendant (D.E. 1 at ¶ 6; Plaintiff Dec. ¶ 5).

14. Plaintiff is a former employee of Defendants. (D.E. 1 at ¶ 12; Plaintiff Dec. ¶ 3).

15. Defendants had the power to hire and fire Plaintiff, controlled Plaintiff's terms and conditions of employment, and determined the rate and method of Plaintiff's compensation. (D.E. 1 at ¶ 6; Plaintiff Dec. ¶ 6).

16. In each year from May 2023 to September 2023, Defendants are alleged to have had a gross volume of sales that exceeded $500,000. (D.E. 1 at ¶ 10; Plaintiff Dec. ¶ 10).

### Plaintiff Waldimir Calva

17. Plaintiff Waldimir Calva was employed by Defendants as a carpentry worker from May 8, 2023, through September 2, 2023. (D.E. 1 at ¶¶ 13-14; Plaintiff Dec. ¶ 9).

18. Plaintiff's work did not require discretion or independent judgment. (D.E. 1 at ¶ 16; Plaintiff Dec. ¶ 12).

19. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours per week. (D.E. 1 at ¶ 18; Plaintiff Dec. ¶ 13).

20. From at least May 8, 2023, through September 2, 2023, Plaintiff worked six (6)

days per week, Monday through Saturday, and on rare occasions worked on Sunday as well. Accordingly, Plaintiff worked approximately 50 to 60 hours per week or more. (D.E. 1 at ¶¶13, 17, 18; Plaintiff Dec. ¶ 14).

21. Throughout his employment, Defendants paid Plaintiff his wages in cash. (D.E. 1 at ¶ 20; Plaintiff Dec. ¶ 15).

22. From the start of his employment, May 2023, through September 2023, Defendants paid Plaintiff a standard rate of $18.65 per hour. (D.E. 1 at ¶ 19; Plaintiff Dec. ¶ 16).

23. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek. (D.E. 1 at ¶ 19; Plaintiff Dec. ¶ 13).

24. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL. Plaintiff Dec. ¶ 19.

25. Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3). D.E. 1 at ¶ 21; Plaintiff Dec. ¶ 20.

26. Defendants did not give any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1). D.E. No. 1 at ¶ 22; Plaintiff Dec. ¶ 21.

## ARGUMENT

### Plaintiff is Entitled to Judgment by Default

27. It is well settled that Defendants who fail to file an answer or otherwise move in respect to a filed complaint, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107

4

(2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well- pleaded allegations against the defaulting party") (citation omitted).

28. Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

29. Upon entry of default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id*.

30. Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the allegations of the Complaint, as well as the Declaration of the Plaintiff, and as set forth more fully below, damages, including back pay, liquidated damages, and prejudgment interest, should be awarded in the total amount of **$14,755.75.**

### Plaintiff's Damages Calculation

31. The damage calculation in this case is not complex. Plaintiff worked for Defendants from May 8, 2023, through September 2, 2023. This is a total of 117 days, or 17 weeks of work. Plaintiff worked an average of 55 hours per week (taking the midpoint between 50 and 60 hours per week) and was paid $18.65 per hour. He is therefore owed an overtime premium of $9.32 per hour to 15 weekly overtime hours, or $139.87 per week. This yields a total of $2,377.87 in unpaid overtime.

### Wage Notice and Statement Violations

32. Defendant never provided Plaintiff with annual notices of his wages, or a wage statement with each payment of wages, as required by NYLL §§ 195(1), 195(3).

33. Therefore, in accordance with NYLL § 198, Plaintiff is also entitled to $5,000 for Defendants' violations of NYLL § 195(1) and $5,000 for Defendants' violations of NYLL § 195(3). In total, Plaintiff is entitled to $10,000 for violation of the wage notice and wage statement provisions.

### Liquidated Damages

34. Under the NYLL, "an employee is also entitled to liquidated damages 'equal to one hundred percent of the total of such underpayments found to be due,' unless the employer proves a good faith basis for believing he or she was in compliance with the law." *Jiaren Wei v. Lingtou Zhengs Corp.*, 2014 U.S. Dist. LEXIS 182325, *23 (E.D.N.Y. Dec. 3, 2014) (quoting NYLL § 663(1)).

35. Given the uncontroverted lack of evidence of Defendants' good faith, Plaintiff is entitled by statute to liquidated damages under the New York Labor Law, computed at 100% for any unpaid overtime wages. Accordingly, Plaintiff is entitled to liquidated damages of 100% of his unpaid FLSA wages, or another $2,377.87.

### Prejudgment Interest
### CONCLUSION

36. Based on the above information and exhibits, Plaintiff asserts the record supports a judgment against the Defendants in favor of Plaintiff in the amount of **$14,755.75**. As demonstrated by evidence herein, this amount is comprised of (a) $4,755.75 in back wages and liquidated damages under the FLSA and NYLL; and (b) $10,000.00 in damages for

6

violation of wage statement and wage notice requirements under New York law.

37. Plaintiff further requests that this Court reserve jurisdiction to award Plaintiff's attorney's fees and costs.

38. Plaintiff respectfully submits that no inquest is necessary where, as in the present case, the Court has the proper measure of damages and evidence submitted by the Plaintiff, such that it can calculate the damages with reasonable certainty.

39. No part of the judgment sought has been paid.

40. Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by Plaintiff's declaration accompanying these motion papers.

41. Plaintiff also makes a request for interest on the principal amount of the judgment not to exceed 9%, as stated above and in the damage calculations.

42. Plaintiff also requests that the judgment provides that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

43. A proposed form of judgment is attached as **Exhibit F**.

44. A proposed Order to Show Cause is attached as **Exhibit G.**

45. For the reasons stated above and in the accompanying declarations and exhibits, the Plaintiff's motion for a default judgment should be granted.

Dated: April 29, 2024.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com