UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WALDIMIR CALVA, Individually and on
behalf of others similarly situated,                                          CASE NO. 7:23-cv-07414-MKB-CLP


                    Plaintiff,
                                                                                    **DECLARATION OF**
         v.                                                                         **WALDIMIR CALVA**


VLAD FINE CRAFT INC., a New York
Corporation and VLAD NIKABADZE,
an individual,

                    Defendants.
--------------------------------------------------------X


         I, Waldimir Calva, declare under penalty of perjury, pursuant to 28 U.S.C.

§1746, that:

1.   I am a Plaintiff in the above-captioned action, and I have personal knowledge of

     the matters stated below.

2.   I reside in Queens, New York.

3.   It is to my understanding that I was employed by Vlad Fine Craft, Inc., and Vlad

     Nikabadze.

4.   Defendants own, operate, or control a carpentry business, known as Vlad Fine Craft,

     Inc.

5.   It is my understanding that individual Defendant Vlad Nikabadze serves or served

     as owner, manager, principal, or agent of Vlad Fine Craft, Inc., and through this

     corporate entity, operates or operated the carpentry company as a joint or unified

     enterprise.

6.   Defendant Vlad Nikabadze had the power to hire and fire me, control my terms

and conditions of employment, and determine the rate and method of my compensation.

7. To my knowledge Defendant Vlad Nikabadze is not in the military service of the United States.

8. I believe Defendant Vlad Nikabadze is not in the military service of the United States because I have seen him regularly at Vlad Fine Craft, Inc.

9. I worked for Defendant Vlad Nikabadze at Vlad Fine Craft, Inc., as a carpentry worker from approximately May 8, 2023, through September 2, 2023.

10. From May 8, 2023, through September 2, 2023, I observed that Vlad Fine Craft, Inc., did a level of business such that it had annual sales of at least $500,000.

11. My work responsibilities involved cabinet construction and installation, carpentry, and related tasks.

12. My duties required neither discretion nor independent judgment.

13. Throughout my employment with Defendants, I regularly worked in excess of 40 hours per week.

14. From approximately May 8, 2023, I generally worked six (6) days a week, Monday through Saturday and on rare occasions worked on Sundays as well. I worked approximately 50 to 60 hours per week or more.

15. Throughout my employment, Defendants paid my wages in cash.

16. From May 8, 2023, through September 2, 2023, I was paid a standard rate of $18.65 per hour.

17. My pay did not vary even when I was required to stay later or work a longer day than my usual schedule.

18. I was not required to keep track of my time, nor to my knowledge, did

the Defendants utilize any time tracking device such as punch cards that accurately reflected my actual hours worked.

19. I was not given information regarding minimum wage and overtime requirements under New York State or Federal laws.

20. 1 was not given an accurate statement of wages, with each payment of wages.

21. I was never provided with any notice in English and in Spanish, my primary language, of my rate of pay.

22. I remain unpaid for overtime compensation and wages.

23. I respectfully submit this declaration in support of my motion for default judgment.

24. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este documento ha sido traducido y yo comprendo todos los tenninos.").

4/27/2024

Dated: April ___, 2024

DocuSigned by:

_____
2530B1E564844AF...

Waldimir Calva

3