UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

WALDIMIR CALVA,

                            Plaintiff,

          v.

VLAD FINE CRAFT INC. and VLAD
NIKABADZE,

                            Defendants.

**ORDER**
23-CV-7414 (MKB) (CLP)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Waldimir Calva, individually and on behalf of others similarly situated, commenced the above-captioned action against Defendants Vlad Fine Craft Inc. and Vlad Nikabadze, asserting an overtime wage claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and overtime wage, spread of hours, and wage statement and notice claims under the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). (Compl., Docket Entry No. 1.) Plaintiff also requested liquidated damages, prejudgment and postjudgment interest, and attorneys' fees and costs. (*Id.* at 8–10.) Defendants failed to appear or otherwise respond to the action, and on January 19, 2024, the Clerk of Court entered default against them. (Clerk's Entry of Default as to Vlad Fine Craft Inc., Docket Entry No. 9; Clerk's Entry of Default as to Vlad Nikabadze, Docket Entry No. 10.) On April 29, 2024, Plaintiff moved for a default judgment. (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 15; Pl.'s Aff. in Supp. of Pl.'s Mot. ("Pl.'s Aff."), Docket Entry No. 16.) On September 5, 2024, the Court referred Plaintiff's motion to Magistrate Judge Cheryl L. Pollak for a report and recommendation. (Order dated Sept. 5, 2024.)

By report and recommendation dated February 11, 2025, Judge Pollak recommended that the Court: (1) grant Plaintiff's motion as to his unpaid overtime wage claims; (2) award Plaintiff $4,674.46 in damages, including $2,337.23 in unpaid overtime wages and $2,337.23 in liquidated damages, and postjudgment interest pursuant to 28 U.S.C. § 1961(a) until the judgment is paid in full; (3) deny Plaintiff's motion as to prejudgment interest and attorneys' fees without prejudice to renew with supplemental documentation to support the requests within fourteen days of the adoption of the R&R; and (4) deem abandoned Plaintiff's NYLL wage statement and notice[1] and spread of hours claims ("R&R"). (R&R 1, 17, 20–21), Docket Entry No. 21.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has

---

[1] On October 10, 2024, Judge Pollak issued an order noting that Plaintiff lacked standing to bring his NYLL wage statement and notice claims and directed Plaintiff to address the deficiency in an amended complaint or file a letter declining to amend the Complaint and requesting a decision on the remaining claims. (Electronic Order dated Oct. 10, 2024.) On October 24, 2024, Plaintiff notified Judge Pollak that "no [a]mended [c]omplaint will be filed, and the Court should determine damages without regard for the Wage Theft Prevention Act notice and wage statement claims." (Letter to Hon. Cheryl L. Pollak from Waldimir Calva, Docket Entry No. 20.)

2

'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for a default judgment. The Court grants Plaintiff's motion for his unpaid overtime wage claims and awards Plaintiff $4,674.46 in damages, including $2,337.23 in unpaid overtime wages and $2,337.23 in liquidated damages, and postjudgment interest in an amount to be calculated by the

Clerk of Court pursuant to 28 U.S.C. § 1961.  The Court denies Plaintiff's motion for prejudgment interest and attorneys' fees and costs without prejudice to renew provided Plaintiff submits a request for prejudgment interest and attorneys' fees and costs with supporting documentation as outlined in the R&R within fourteen days of the entry of this Order.  The Court dismisses Plaintiff's wage statement and notice and spread of hours claims as abandoned.  Plaintiff is directed to serve copies of this Order upon Defendants and to file proof of service with the Court.

Dated: March 14, 2025
      Brooklyn, New York

                                                SO ORDERED:

                                                  /s/ MKB
                                         MARGO K. BRODIE
                                         United States District Judge